UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gloria-Maria Dardini,
        Plaintiff,

v.

Chase A/K/A Chase Home Lending,
Federal Home Loan Mortgage Corporation,
A/K/A Freddie Mac, and Trott & Trott, PC,        Case No. 12-cv-12559
jointly and severally,
        Defendants.
and

Federal Home Loan Mortgage Corporation, a/k/a        Sean F. Cox
Freddie Mac        United States District Court Judge
        Counter-Plaintiff/Third-Party Plaintiff,
v.

Gloria-Marie Dardini, William Dardini,
        Counter-Defendant and Third-Party
        Defendant,
and

William Dardini,
        Counter-Plaintiff/Cross-Plaintiff,
v.

Chase A/K/A Chase Home Lending, Federal Home
Loan Mortgage Corporation a/k/a Freddie Mac,
Trott & Trott, P.C.
        Counter-Defendant and Cross-Defendants,
        joint and several.

_____/

## OPINION AND ORDER
## GRANTING TROTT & TROTT'S MOTIONS FOR SUMMARY JUDGMENT AND FOR DISMISSAL [DOCKET ENTRY NO. 23, 28, 43]

1

On September 22, 2000, Gloria-Maria Dardini and her husband, William Dardini, (collectively "the Dardinis") purchased a home located at 22947 Gaukler, St. Clair Shores, Michigan ("the Gaukler Property"). In order to purchase the Gaukler Property, the Dardinis received a $114,000.00 loan from Mortgage 1, Incorporated. William Dardini signed a promissory note executed in favor of Mortgage 1, Incorporated on the same day the warranty deed was executed by the Dardinis. The note was secured by a mortgage on the Gaukler Property in favor of Mortgage 1, Incorporated, which William Dardini also signed contemporaneous with the execution of the warranty deed. Gloria Dardini never signed either of those documents.

The mortgage was later assigned to JP Morgan Chase Bank, NA ("Chase"). After default, the Gaukler Property was foreclosed on by Chase and sold at Sheriff's auction to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). After the Dardinis' statutory right of redemption expired, Gloria Dardini filed this instant action requesting that the Court set aside the Sheriff's deed and brought various other federal and state law claims against Chase, Freddie Mac, and Trott & Trott, P.C. ("Trott & Trott"), a Michigan law firm that represented Chase during the foreclosure of the Gaukler Property.

William Dardini was thereafter brought into this action by Freddie Mac as a third party defendant. In response, he filed a Counterclaim against Freddie Mac and Cross-Claims against Chase and Trott & Trott, which states the same claims in Gloria Dardini's Complaint.

Before the Court are (1) Defendant, Trott & Trott, P.C.'s Amended Brief in Support of its Motion for Summary Judgment/Dismissal [Docket Entry No. 28] and (2) Defendant, Trott & Trott, P.C.'s Amended Brief in Support of its Motion for Summary Judgment/Dismissal [Docket Entry No. 43].

2

For the reasons that follow, the Court shall **GRANT** Trott & Trott's motions for summary judgment and for dismissal [Docket Entry Nos. 28, 43].

### BACKGROUND

On or around September 22, 2000, William Dardini executed a promissory note in favor of Mortgage 1, Incorporated, in the amount of $114,000, and a mortgage to secure the note, which was recorded on October 5, 2000.[1]  (Docket Entry No. 1-2, at 4, ¶ 10; Docket Entry No. 43-3, at 16.) William Dardini was the sole borrower and obligee on the note.  (Docket Entry No. 1-2, at 4.) Likewise, William Dardini is the only obligee under the mortgage.  (*Id.* at 4, ¶¶ 10–11; Docket Entry No. 43-3, at 16.)

Contemporaneous with William Dardini's execution of the mortgage and note, the Dardinis purchased the Gaukler Property with the proceeds from the loan secured by the mortgage.[2]  (Docket Entry No. 1-2, at 4, ¶ 10; Docket Entry No. 30, at 6, ¶ 10.)

At the April 11, 2013, motion hearing, Ms. Lauren Phillips, counsel for Chase, stated on the record that the mortgage was assigned to Chase on May 13, 2009.  (Docket Entry No. 43-4.)

Following a default on the note, the Gaukler Property was foreclosed on by Chase.  (Docket Entry No. 1-2, at 4, ¶ 13.)  The Gaukler Property was sold at Sheriff's auction in Macomb County, Michigan, on September 17, 2010, to Freddie Mac, formalized through a Sheriff's deed recorded on September 28, 2010.  (Docket Entry No. 1-2, at 4, ¶ 13; Docket Entry No. 26-6.)   The Dardinis

---

[1] At the April 11, 2013, motion hearing the parties agreed that the note was executed on September 22, 2000.  Furthermore, the Dardinis complaint incorrectly refer to the date of the execution of the mortgage, note and warranty deed as September 20, 2000.  Those documents were executed on September 22, 2000.

[2] At the April 11, 2013, Mr. A. Stephen Ramadan, the Dardinis' attorney, confirmed that all the proceeds from the loan were used to purchase the Gaukler Property.

never exercised their statutory right of redemption.

On or around April 10, 2012, Gloria Dardini filed this instant action in the Macomb County Circuit Court, which was assigned Case No. 12-1764-NO. (Docket Entry No. 1, at 2; Docket Entry No. 1-2.) In her Complaint, Gloria Dardini names Chase, Freddie Mac and Trott & Trott as defendants and makes the following claims: (1) Equitable and Injunctive Relief-Set Aside Sheriff's Deed; (2) Fraud and Misrepresentation; (3) Conversion; (4) Trespass; (5) Violation of Michigan Consumer Protection Act; (6) Violation of the Fair Debt Collections Practices Act; (7) Interference with Possessory Interest; (8) Unjust Enrichment; and (9) Civil Conspiracy. (Docket Entry No. 1-2, at 5–9.)

On June 12, 2012, this action was removed to this Court by Chase and Freddie Mac on the basis of federal question jurisdiction. (Docket Entry No. 1.)

On July 10, 2012, Freddie Mac filed a Counterclaim against Gloria Dardini and a Third-Party Complaint against William Dardini. (Docket Entry No. 14, at 14–22.) In the Counterclaim and Third-Party Complaint, Freddie Mac, with regard to the mortgage, makes equitable claims of (1) Reformation; (2) Purchase Money Mortgage Doctrine; and (3) Ratification. (*Id*.)

On November 20, 2012, William Dardini filed a Counterclaim against Freddie Mac and Cross-Claims against Chase and Trott & Trott. (Docket Entry No. 30, at 6–13.) In his Counterclaim and Cross-Claims, William Dardini makes the same claims in Gloria Dardini Complaint. (*Id*.)

At this time, the Dardinis are still living on the Gaukler Property. (Docket Entry No.1-2, at 4, ¶ 16; Docket Entry No. 30, at 7, ¶ 16.)

4

## STANDARD OF REVIEW

**A.     Motion for Summary Judgement under Rule 56(a).**

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Court views the record in the light most favorable to the nonmoving party and all reasonable inferences will be drawn in favor of that party. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). "When the non-moving party fails to make a sufficient showing of an essential element of his [or her] case on which he [or she] bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." *Chapman v. UAW Local 1005*, 670 F.3d 677, 680 (6th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2458, 91 L.Ed. 2d 265 (1986)). "The judge does not 'weigh the evidence and determine the truth of the matter . . . but determine[s] whether there is a genuine issue for trial.'" *Blackmore*, 390 F.3d at 895 (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–52, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

**B.     Motion to Dismiss under Rule 12(b)(6).**

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) seek dismissal of a Complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P 12(b)(6). "[A] complaint survives a motion to dismiss if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678, 129 S.Ct. at 1949.

5

The Court "accept[s] all well-pleaded factual allegations of the complaint as true and construe[s] the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). "Although a complaint need not contain 'detailed factual allegations,' it does require more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Reilly*, 680 F.3d at 622 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

## ANALYSIS

### A.       Trott & Trott Owed No Duty to the Dardinis.

Trott & Trott was retained by Chase to represent it during the foreclosure of the Gaukler Property.  (Docket Entry No. 1-2, at 3, ¶ 5; Docket Entry No. 30, at 6, ¶ 5; Docket Entry No. 28, at 10; Docket Entry No. 43, at 10.)  Trott & Trott asserts that the Dardinis have not made any argument suggesting that it owed them any legal duty during its representation of Chase and Freddie Mac.

"Only if the law recognizes a duty to act with due care arising from the relationship of the parties does it subject the defendant to liability for negligent conduct." *Friedman v. Dozorc*, 412 Mich. 1, 22, 312 N.W.2d 585, 591 (1981). "Assuming that an attorney has an obligation to his client to conduct a reasonable investigation prior to bringing an action, that obligation is not the functional equivalent of a duty of care owed to the client's adversary." *Id.* at 22–23, 312 N.W.2d at 591. "[C]ourts have been reluctant to allow actions by third parties against attorneys, who were engaged

6

in the representation of their clients, because of 'the potential for conflicts of interest that could seriously undermine counsel's duty of loyalty to the client.'" *Edwards v. Std. Fed. Bank, N.A.*, No. 08-12146, 2009 WL 92157, at * 3 (E.D. Mich. Jan. 14, 2009) (quoting *Beaty v. Hertzberg & Golden, P.C.*, 456 Mich. 247, 254, 571 N.W.2d 716, 720 (1997)); *see also Johnson v. Trott & Trott*, No. 12-10513, 2012 WL 3150954, (E.D. Mich. Aug. 2, 2012) ("Plaintiff further alleges that Trott conducted 'an illegal foreclosure action against Plaintiff for the servicer,' and is therefore guilty of fraud . . . . Trott argues that Plaintiff has no valid claim against the attorneys representing the mortgagee and its servicer . . . . Trott represented Chase in foreclosure proceedings, and this representation could certainly be considered adverse to Plaintiff's interests. The Court concludes that Trott owed no duty of care to Plaintiff, and thus, she cannot assert a negligence claim. Plaintiff's claim also fails under a fraud theory, as it cannot be said that she reasonably relied on statements made by Trott's counsel . . . . The Court therefore concludes that the claims against Trott must be dismissed.").

After reading the Complaint and the Dardinis' response, it is apparent that the Dardinis are suing Trott & Trott for representing Chase during the foreclosure and for alleging attempting to evict them from their home in a civil action before "the 40th District Court, case 11-2254 LT." (Docket Entry No. 1-2, at 4, ¶ 14.) Trott & Trott owed no legal duty to the Dardinis during the foreclosure or the eviction proceedings. Accordingly, for these reasons and the reasons that follow, the Court grants Trott & Trott motion for summary judgment and motion for dismissal.

## B.    Fraud and Misrepresentation.

Rule 9(b) of the Federal Rules of Civil Procedure requires a party alleging fraud to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). To plead a fraud claim, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2)

identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569–70 (6th Cir. 2008) (internal citations omitted). Furthermore, Rule 9(b) requires "a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir. 1993) (internal quotations omitted).

The Dardinis merely recite the elements of fraud in relation to all the Defendants, and do not differentiate or explain who made the fraudulent statements, when the fraud occurred, and whether they relied on the fraud, contrary to Rule 9(b). The Dardinis are essentially suing Trott & Trott because it represented Chase during the foreclosure proceeding and allegedly represented Freddie Mac when it attempted to evict them from the Gaukler Property. The Dardinis do not offer any argument how those actions constitute fraud in Michigan. Regardless, as mentioned in the previous section, Trott & Trott owed no legal duty to the Dardinis. Accordingly, the Dardinis' fraud/misrepresentation claims are dismissed and there is no genuine issue of material fact.

## C.     Conversion.

The Dardinis conversion claims assert that the Defendants "engaged in a continual course of conduct, pursuant to which they wrongfully dispossessed and/or disposed of the real property of the Plaintiff. Defendant converted these properties into cash which they received through the sale of the subject real properties or by their acquiring title thereto. As a direct and proximate result of the conversions by Defendant, Plaintiff has suffered substantial losses, and has been damaged." (Docket No. 1-2, at 6, ¶¶ 36–38; Docket Entry No. 30, at 9, ¶¶ 35–37.) (numbers omitted).

Under Michigan law, a claim for conversion only applies to personal property, not real

8

property. *See, e.g. Wiener v. Bankers Trust Co.*, No. 11-cv-10770, 2012 WL 4088944 (E.D. Mich. Sept. 17, 2012); *Hurley v. Deutsche Bank Co. Americas*, No. 07–11924, 2008 WL 373426 (E.D. Mich. Feb. 12, 2008), citing Head v. Phillips Camper Sales & Rental, Inc., 234 Mich. App. 94, 111 (1999). *Embrey v. Weissman*, 74 Mich. App. 138, 143, 253 N.W.2d 687 (1977) (noting that property that is part of real property "cannot be the subject of conversion"); *see also Eadus v. Hunter*, 268 Mich. 233, 237, 256 N.W. 323 (1934) ("Trover lies only for the conversion of personal property and not for property while it is a part of the realty."). The Dardinis' conversion claims fail as a matter of law because this action does not involve a claim for conversion of personal, moveable property, rather than real property.

**D.    Trespass.**

The Dardinis contend that the "Defendants did trespass upon and unlawfully interfere with Plaintiffs rights and property." (Docket No. 1-2, at 7, ¶ 43; Docket Entry 30, at 9, ¶ 42.)

"A trespass is an unauthorized invasion upon the private property of another." *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695, 705, 609 N.W.2d 607 (2000) (emphasis added). It is "an invasion of the plaintiff's interest in the exclusive possession of his or her land." *Terlecki v. Stewart*, 278 Mich. App 644, 653–654, 754 N.W.2d 899 (2008).

Here, the Dardinis assert that Defendants "have been made aware of the defects in the foreclosure process but are still attempting to convert the property to their own and evict the [the Dardinis] . . . from [their] . . . own property." (Docket Entry No. 1-2, at 4, ¶ 16; Docket Entry No. 30, at 7, ¶ 16.) Trott & Trott never interfered with the Dardini's possessory interest because the Dardinis are still living on the Gaukler Property and maintain possession of that property. The Dardinis' complaints do not allege that Trott & Trott physically entered or invaded the Dardinis'

exclusive possession of the Gaukler Property, instead they contend there was a trespass merely because Chase foreclosed on the Gaukler Property, Freddie Mac attempted to evict them after it lawfully purchased the Gaukler Property at the Sheriff's auction, and Trott & Trott allegedly represented both parties during the foreclosure and eviction proceedings.  In their responses and at the motion hearing, the Dardinis offer no convincing argument to support their claim.  Therefore, these claims are dismissed and holds there is no genuine issue of material fact.

**E.    The Michigan Consumer Protection Act.**

The Dardinis contend that, "[t]hrough their acts and omissions in the commission of their illegal foreclosures, Defendants did violate the Michigan Consumers Protection Act MCL 445.901 *et seq.* [("the MCPA")]."  (Docket No. 1-2, at 7, ¶ 49; Docket Entry No. 30, at 10, ¶ 48.)

The MCPA does not apply to claims arising from residential mortgage transactions. *See, e.g.*, *Newton v. Bank West*, 262 Mich. App. 434, 686 N.W.2d 491 (Mich. App. 2004); *Salman v. U.S. Bank, NA, ND*, __F.Supp. 2d__, 2011 WL 4945845, at *6 ("Consequently, as the claims in this suit arise out of a residential mortgage loan transaction, the Salmans' claims under the MCPA cannot stand as U.S. Bank falls under the statutory exemption to the MCPA. There therefore cannot be any irregularity arising from U.S. Bank's alleged deceptive acts or unfair practices under the MCPA."); *see also O'Brien v. BAC Home Loan Servicing, LP*, No. 10–15136, 2011 WL 1193659, at *3 (E.D. Mich. Mar. 28, 2011) ("Courts have consistently applied the MCPA exemption to the mortgage business of regulated lending institutions."), *Chungag v. Wells Fargo Bank, N.A.*, No. 10–14648, 2011 WL 672229, at *4 (E.D. Mich. Feb. 17, 2011) ("Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions.").

10

With regard to Trott & Trott, the Dardinis offer no argument how it is liable under the MCPA. The Dardinis have failed to state a claim upon which relief can be granted. As such, the Dardinis' claims under the MCPA are dismissed. Summary judgment is also granted as there is no genuine issue of material fact.

**F.     The Fair Debt Collection Practices Act.**

A claim under the FDCPA must be brought 'within one year from the date on which the violation occurs.'" *Chase Manhattan Mortg. Corp. v. Blakely–El*, No. 06–10343, 2007 WL 1041256, at * 2 (E.D. Mich. April 5, 2007) (quoting 15 U.S.C. § 1692k(d)). "The relevant consideration is the date of the alleged violation by the debt collector." *Purnell v. Arrow Fin. Services, LLC*, No. 05–73384, 2007 WL 421828 (E.D. Mich. Feb. 2, 2007).

Here, the Gaukler Property was sold at Sheriff's auction and the Sheriff's deed was recorded on September 28, 2010. (Docket Entry No. 1-2, at 4, ¶ 13; Docket Entry No. 30, at 7, ¶ 13.) On or around April 10, 2012, Gloria Dardini filed this instant action in the Macomb County Circuit Court, assigned Case No. 12-1764-NO. (Docket Entry No. 1-2.) The Dardinis do not provide any argument or authority to suggest that the statute of limitations was somehow tolled.

Next, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Complaint does not differentiate what each defendant did to violate the FDCPA and only recites the elements of the statute. The only statement in the Dardinis complaints that makes an actual allegation of a violation on the part of Trott & Trott is as follows: "The defendants took on the part of the debt collector when it started foreclosure by advertisement in this action." (Docket Entry No. 1-2, at 7, ¶ 54; Docket Entry No. 30, at 10, ¶ 53.) As mentioned before, Trott & Trott owed no legal

11

duty to the Dardinis during the foreclosure proceedings.

Finally, the Dardinis have offered no convincing argument, and their respective complaints do not suggest, how Trott & Trott is a "debt collector" for the purposes of the FDCPA. A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).   Trott & Trott represented Chase during the non-judicial foreclosure and Freddie Mac allegedly in an eviction proceeding.  *See Kevelighan v. Trott & Trott, P.C.*, No. 09-12543, 2011 WL 164539, at * 4–5 (E.D. Mich. May 26, 2011); *Gathing v. MERS, Inc*., No. 1:09-CV-07, 2010 WL 889 at *13–14 (W.D. Mich. March 10, 2010). Accordingly, the Dardinis' claims under the Fair Debt Collection Practices Act are dismissed. Likewise, summary judgment is appropriate.

**G.     Interference with Possessory Interest.**

In their complaints, the Dardinis state: "Plaintiffs had, among other rights and interests, a possessory interest in their affected real property.  Defendants did illegally and without authorization, substantially interfere and negatively affect Plaintiffs rights and interest in the affected real property." (Docket No. 1-2, at 8, §§ 63–64; Docket Entry No. 30, at 11, ¶¶ 62–63.) (numbers omitted).

The Dardinis failed to cite to the statutory authority for their claims of Interference with Possessory Interest.  Likewise, the Dardinis do not provide any explanation in their complaints how Trott & Trott interfered with their possessory rights.  As mentioned before, the Dardinis are still in possession of the Gaukler Property.  (Docket No. 1-2, at 4, ¶ 16; Docket Entry No. 30, at 7, ¶ 16.) As mentioned before, Trott & Trott owed no duty to the Dardinis during its representation of Chase.

12

Accordingly, these claims are dismissed and no genuine issue of material fact exists.

**H.    Unjust Enrichment.**

The Dardinis contend that the Defendants have been unjustly enriched by the alleged wrongful foreclosure by Chase.  (Docket Entry No. 1-2, at 8, ¶ 66; Docket Entry No. 30, at 11, ¶ 65.)

The elements of unjust enrichment are: "(1) the receipt of a benefit by defendant from plaintiff, and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App 463, 478, 666 N.W.2d 271 (2003); *Morris Pumps v. Centerline Piping, Inc*., 729 N.W.2d 898, 904 (Mich.Ct.App.2006); *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546, 473 N.W.2d 652 (1991). When the elements of unjust enrichment are established, "the law operates to imply a contract in order to prevent unjust enrichment." *Barber v. SMH (US), Inc*., 202 Mich. App. 366, 375, 509 N.W.2d 791 (1993); *Spartan Distribs. v. Golf Coast, Int'l, LLC*, No. 295408, 2011 WL 1879722, at * 5–6 (Mich.App.Ct. 2011) (holding that because a claim for unjust enrichment sounds in equity, relief for unjust enrichment is appropriate in a statutory foreclosure action only if a plaintiff can show fraud or some other irregularity).

Because Trott & Trott owed no legal duty to the Dardinis and did not receive any benefit from the Dardinis by representing Chase during the foreclosure proceedings and allegedly Freddie Mac during the eviction action, these claims are dismissed.  Summary judgment is appropriate, as well.

**I.    Civil Conspiracy.**

The Dardinis contend that "Defendants CHASE, FREDDIE MAC and TROTT & TROTT, PC, illegally, maliciously, and wrongfully conspired with one another with the intent to and for the

illegal purpose of defrauding Plaintiff of her property." (Docket Entry No. 1-2, at 9, ¶ 69; Docket Entry No. 30, at 11, ¶ 68.)

"A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins. Co. v. Columbia Cas. Ins. Co.*, 194 Mich. App. 300, 313, 486 N.W.2d 351 (1992). "However, 'a claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort.'" *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 257 Mich. App. 365, 384, 670 N.W.2d 569 (2003) (quoting *Early Detection Ctr., PC v. New York Life Ins. Co.*, 157 Mich. App. 618, 632, 403 N.W.2d 830 (1986)).

Here, the Dardinis failed to allege a separate, actionable tort upon which the conspiracy claim is based because the Court holds that all of the Dardinis' claims are dismissed and grants Trott & Trott's motion for summary judgment. Likewise, the Dardinis have not offered any argument how the Defendants engaged in a conspiracy to defraud them of their interests in the Gaukler Property. As mentioned before, Chase foreclosed on the Gaukler Property, Freddie Mac purchased the Gaukler Property at the Sheriff's auction, and Trott & Trott represented Chase during the foreclosure proceedings. These claims fail as a matter of law and summary judgment is appropriate.

## CONCLUSION AND ORDER

**IT IS ORDERED** that the Court **GRANTS** Trott & Trott's motions for summary judgment and for dismissal [Docket Entry Nos. 23, 28, 43].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 23, 2013

14

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gloria-Maria Dardini,
                Plaintiff,

v.

Chase A/K/A Chase Home Lending,
Federal Home Loan Mortgage Corporation,
A/K/A Freddie Mac, and Trott & Trott, PC,         Case No. 12-cv-12559
jointly and severally,
                Defendants.
and

Federal Home Loan Mortgage Corporation, a/k/a    Sean F. Cox
Freddie Mac                     United States District Court Judge
                Counter-Plaintiff/Third-Party Plaintiff,
v.

Gloria-Marie Dardini, William Dardini,
                Counter-Defendant and Third-Party
                Defendant,
and

William Dardini,
                Counter-Plaintiff/Cross-Plaintiff,
v.

Chase A/K/A Chase Home Lending, Federal Home
Loan Mortgage Corporation a/k/a Freddie Mac,
Trott & Trott, P.C.
                Counter-Defendant and Cross-Defendants,
                joint and several.

_____/

PROOF OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record on
April 23, 2013, by electronic and/or ordinary mail.

                              S/Jennifer McCoy_____
                              Case Manager