UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gloria-Maria Dardini,
    Plaintiff,

v.

Chase A/K/A Chase Home Lending,
Federal Home Loan Mortgage Corporation,
A/K/A Freddie Mac, and Trott & Trott, PC,    Case No. 12-cv-12559
jointly and severally,
    Defendants.
and

Federal Home Loan Mortgage Corporation, a/k/a    Sean F. Cox
Freddie Mac    United States District Court Judge
    Counter-Plaintiff/Third-Party Plaintiff,
v.

Gloria-Marie Dardini, William Dardini,
    Counter-Defendant and Third-Party
    Defendant,
and

William Dardini,
    Counter-Plaintiff/Cross-Plaintiff,
v.

Chase A/K/A Chase Home Lending, Federal Home
Loan Mortgage Corporation a/k/a Freddie Mac,
Trott & Trott, P.C.
    Counter-Defendant and Cross-Defendants,
    joint and several.
_____/

### OPINION AND ORDER
### DENYING PLAINTIFF GLORIA DARDINI'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOCKET ENTRY NO. 25] AND WILLIAM DARDINI'S CONCURRENCE WITH PLAINTIFF GLORIA DARDINI'S MOTION FOR PARTIAL SUMMARY JUDGMENT [DOCKET ENTRY NO. 31]

1

On September 22, 2000, Gloria-Maria Dardini and her husband, William Dardini, (collectively "the Dardinis") purchased a home located at 22947 Gaukler, St. Clair Shores, Michigan ("the Gaukler Property"). (Docket Entry No. 25, at 12.) Contemporaneous with the execution of the warranty deed, William Dardini signed a promissory note executed in favor of Mortgage 1, Incorporated in exchange for a $114,000.00 loan to purchase the Gaukler Property.[1] The note was secured by a mortgage on the Gaukler Property in favor of Mortgage 1, Incorporated, which William Dardini also signed on the same day the warranty deed was executed. (*Id.* at 27.) The parties do not dispute that Gloria Dardini never signed either of those documents.

The mortgage was later assigned to JP Morgan Chase Bank, NA ("Chase"). After default, the Gaukler Property was foreclosed on by Chase and sold at Sheriff's auction to the Federal Home Loan Mortgage Corporation ("Freddie Mac"). After the Dardinis' statutory right of redemption expired, Gloria Dardini filed this instant action on or around April 10, 2012, requesting that the Court set aside the Sheriff's deed and brought various other federal and state law claims against Chase, Freddie Mac, and Trott & Trott, P.C., a Michigan law firm. (Docket Entry No. 1-2.)

William Dardini was thereafter added as a third party defendant by Freddie Mac in its Third Party Complaint. In response to Freddie Mac's Third Party Complaint, William Dardini filed a Counterclaim against Freddie Mac and Cross-Claims against Chase and Trott & Trott, which assert the same claims as in Gloria Dardini's Complaint. (Docket Entry No. 14, at 14–22.)

Before the Court are (1) Plaintiff Gloria Dardini's Motion for Partial Summary Judgment [Docket Entry No. 25] and (2) William Dardini's Concurrence in Plaintiff Gloria Dardini's Motion

---

[1] At the April 11, 2013, motion hearing the parties agreed the note was executed on September 22, 2000.

for Partial Summary Judgment [Docket Entry No. 31].

Based on the premise that under the doctrine of tenancy by the entireties the mortgage is void because it did not contain Gloria Dardini's signature, Gloria Dardini in her Motion for Partial Summary Judgment and William Dardini, through his concurrence, make the following request:

> Wherefore, Plaintiff requests this court . . . order the following:
> 1. Set aside the Sheriff's deed entered on September 28, 2010 at Liber 20430 Page 350, document # 108593 at the County of Macomb Register of deeds.[]
> 2. Declare the Mortgage encumbering the property owned as Tenants by the Entirety as recorded on October 5, 2000, at Liber 9810, Page 492, Document # 166564 [at] the Macomb County Register of Deeds[], *void ab initio*, or null and void.

(Docket Entry No. 25, at 10.)

Chase and Freddie Mac filed cross-motions for summary judgment, contending that the mortgage is a purchase money mortgage. (Docket Entry Nos. 26 and 37.)

The Court held a motion hearing on April 11, 2013.

In an Opinion and Order granting Chase and Freddie Mac's Motions for Summary Judgment, Motion to Dismiss and Motion for Judgment on the Pleadings, the Court dismissed Count 1 in Gloria Dardini's Complaint and Count 1 in William Dardini's Counter-Claim/Cross-Claims, requesting that the Court set aside the Sheriff's deed. (Docket Entry No. 50.) In the Opinion and Order, the Court held that the Dardinis' lacked "statutory standing" and were barred by the doctrine of laches from making their request to set aside the Sheriff's deed. Likewise, the Court also granted Chase and Freddie Mac's cross-motions for summary judgment, holding that the purchase money mortgage doctrine applied to the mortgage in this action.

Accordingly, for the reasons mentioned in the Opinion and Order, **IT IS ORDERED** that the Court **DENIES** Plaintiff Gloria Dardini's Motion for Partial Summary Judgment [Docket Entry

No. 25] and William Dardini's Concurrence with Plaintiff Gloria Dardini's Motion for Partial Summary Judgment [Docket Entry No. 31].

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 24, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 24, 2013, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager